I agree with the concurring opinion that the November 20, 1998, order is not ambiguous, but I must respectfully dissent from the conclusion of the majority that the trial court acted within its discretion in allowing Black to reintroduce pigs on his property if he constructs a commercial grade fence.
The order at issue unambiguously gave Black a choice of doing one of two things:
 "either (1) remove the pigs permanently on the land adjoining Stefanko or, (2) construct a fence up to commercial standards between the property [sic]." (Emphasis added).
Black chose the first alternative, to remove his pigs from his land. From the clear terms of the order, that removal has to be permanent. Thus Black should not be allowed to reintroduce pigs on his property even if he does construct a commercial grade fence separating his property from that of Stefanko. Furthermore, the order was confined to pigs and not any other form of livestock. There is nothing in that order to prevent Black from introducing other types of livestock to his land, whether or not he constructs a proper fence. In my considered opinion, the trial court did not have an option to remove the word "permanently" from the order, nor to bar Black from reintroducing any other type of livestock unless he constructs a proper fence.
I agree that the trial court's order in this case is probably a more reasonable one than the November 20, 1998, order, but that is irrelevant. Under Civ.R. 70 the court is constrained to effectuate a prior order on its own terms, and not fashion a new, or a more reasonable, order. I would hold that Black, having acted in acceptance of the first alternative of the order at issue, is forever barred from reintroducing pigs onto his property. Such an order, however, would not run with the land and does not bar any activities of subsequent owners of the land.
* * * * * * * *
Copies mailed to:
Jose M. Lopez, Robert J. Huffman, Hon. Jeffrey Welbaum.